**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

DEBORAH SANT ROBINSON,

Defendant,

v. No. 1:20-cv-00139-JCH-CG

STATE OF NEW MEXICO, et al.,

Plaintiffs.

**MEMORANDUM OPINION AND ORDER OF REMAND AND TO SHOW CAUSE**

**THIS MATTER** comes before the Court on Defendant Robinson's Notice of Removal and Taking Leave to File US Federal Civil Complaint, Doc. 1, filed February 18, 2020 ("Notice of Removal"), and on Defendant's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 4, filed February 26, 2020 ("Application").

**Notice of Removal**

Robinson seeks to remove several state-court proceedings[1] from the First Judicial District to this Court. The statute governing the procedure for removal of civil actions requires that the notice of removal contain "a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a).

---

[1] The case numbers for those proceedings, as they appear in the Notice of Removal, are:

(i) D-132-cv-2016-0011
(ii) D-132-cv-2014-0011
(iii) M-33-cv-2014-00056
(iv) D-132-cv-2015-000001
(v) M-33-cv-2015-00029
(vi) D-132-cv-2015-00075

Notice of Removal at 1-2. Some of those case numbers may be incorrect. A search of the State of New Mexico's case numbers shows there is no case number D-132-cv-2016-0011 related to Robinson, but there is a case number D-132-cv-2016-00110 related to Robinson.

> The jurisdiction of the federal courts is limited by Article III of the Constitution and by statutes passed by Congress. A case that is filed in state court may be removed from state to federal court at the election of the defendant, but only if it is one "of which the district courts of the United States have original jurisdiction," which is to say if federal subject-matter jurisdiction would exist over the claim. 28 U.S.C. § 1441(a). Under the well-pleaded complaint rule, in order to invoke federal question jurisdiction under 28 U.S.C. § 1331 and thus to be removable on that basis, a federal question must appear on the face of the plaintiff's complaint; that the defendant possesses a federal defense is not sufficient to invoke federal question jurisdiction. *Felix*, 387 F.3d at 1154. Generally, the plaintiff is the master of his complaint, and if he files in a state court pleading only state-law causes of action, the case is not removable to federal court based on federal question jurisdiction. *Id.* (citing *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987)).

*Hansen v. Harper Excavating, Inc.*, 641 F.3d 1216, 1220 (10th Cir. 2011).

It appears that the Court does not have jurisdiction over this matter because Robinson has not alleged that a federal question appears on the face of the initial pleadings in the state-court proceedings. Nor has Robinson filed a copy of all pleadings served on her in the state-court proceeding as required by 28 U.S.C. § 1446(a). The Court will, therefore, remand these actions to state court. *See Salzer v. SSM Health Care of Okla. Inc.*, 762 F.3d 1130, 1134 (10th Cir. 2014) ("a federal court must remand a removed action back to state court if at any time before final judgment it appears that the district court lacks subject matter jurisdiction. § 1447(c). The party invoking federal jurisdiction has the burden to establish that it is proper, and there is a presumption against its existence"). Because it is remanding these cases to state court, the Court denies Robinson's Application to proceed *in forma pauperis* as moot.

**Communications with the Court**

Robinson has left a voice-mail message and sent several emails to the chambers of the Magistrate Judge assigned to this case. The Court reminds Robinson of some of the provisions in

the District of New Mexico's Guide for Pro Se Litigants, which the Court previously provided to Robinson:[2]

> Attorneys and *pro se* parties are prohibited from all *ex parte* communication with the judge or judge's staff. *Ex parte* communication occurs when one of the parties to a lawsuit exchanges information with the assigned judge (1) without the opposing party being present, or (2) without the knowledge and consent of the opposing party.
>
> Unless otherwise directed, all communication to the court should be addressed to the Clerk of Court, United States District Court, District of New Mexico, using the address for the division where the subject case has been assigned.

Guide for Pro Se Litigants at 5, 11 (D.N.M. November 2019) (giving addresses for the Clerk of Court in Albuquerque, Las Cruces and Santa Fe). Telephonic messages and documents mailed or emailed to chambers without direction by the Court may be discarded without being filed and without Court response to the sender.

**Court's Power to Impose Filing Restrictions**

The Court of Appeals for the Tenth Circuit has discussed the Court's power to impose filing restrictions and the procedure for imposing filing restrictions:

> "[T]he right of access to the courts is neither absolute nor unconditional and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Tripati v. Beaman,* 878 F.2d 351, 353 (10th Cir.1989) (per curiam) (citation omitted). "There is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *Cotner v. Hopkins,* 795 F.2d 900, 902 (10th Cir.1986). "Even onerous conditions may be imposed upon a litigant as long as they are designed to assist the ... court in curbing the particular abusive behavior involved," except that they "cannot be so burdensome ... as to deny a litigant meaningful access to the courts." *Id.* (brackets and internal quotation marks omitted). "Litigiousness alone will not support an injunction restricting filing activities. However, injunctions are proper where the litigant's abusive and lengthy history is properly set forth." *Tripati,* 878 F.2d at 353 (citations omitted). "[T]here must be some guidelines as to what [a party] must do to obtain the court's permission to file an action." *Id.* at 354. "In addition, [the party]

[2] Clerk's staff handed Robinson a copy of the Local Rules and the Pro Se Guide on July 11, 2018, when Robinson filed a notice of removal in *Robinson v. New Mexico,* No. 1:18-cv-00665-WJ-LF.

> is entitled to notice and an opportunity to oppose the court's order before it is instituted." *Id.* A hearing is not required; a written opportunity to respond is sufficient. *See id.*

*Landrith v. Schmidt*, 732 F.3d 1171, 1174 (10th Cir. 2013).

**Litigant's Abusive History**

Robinson has initiated five civil cases in the District of New Mexico, each of which were dismissed or remanded. *See Robinson v. Schlosser*, No. 1:05-cv-01335-WJ-RHS (dismissed for failure to state a claim; concluding that many of Robinson's allegations are frivolous; striking and restricting filings because they were unintelligible or improper); *New Mexico v. Robinson*, No. 1:13-cv-01038-MV-ACT (remanded for lack of subject-matter jurisdiction and noting this is the second case in which Robinson has filed frivolous pleadings); *Robinson v. Los Alamos National Security, LLC*, No. 1:15-cv-00839-KG-LF (remanded for lack of subject-matter jurisdiction after noting that Robinson failed to identify specific legal arguments or factual issues that undermine the Magistrate Judge's findings and recommendations); *Robinson v. New Mexico*, No. 1:18-cv-00665-WJ-LF (dismissed because of improper removal of five cases); *Robinson v. New Mexico*, No. 1:20-cv-00139-JCH-CG (remanded for lack of subject-matter jurisdiction).

Many of the documents that Robinson has filed in the five cases, and her ex parte communications the Magistrate Judge's chambers, are unintelligible, frivolous, or not supported by law or fact. For example, Robinson previously attempted to remove a state-court case, No. D-132-cv-2015-00075. *See Robinson v. New Mexico*, No. 1:18-cv-00665-WJ-LF. The Court dismissed the case for improper removal and the Court of Appeals for the Tenth Circuit affirmed the dismissal. Robinson now attempts to remove that same state-court case in this case. The Application to proceed in forma pauperis that Robinson filed in this case contains 46 pages, most

of which are not relevant to the Application. The Court finds that filing restrictions are appropriate so that the Court does not expend valuable resources addressing future such cases.

**Proposed Filing Restrictions**

The Court proposes to impose the following filing restrictions on Robinson.

Robinson will be enjoined from making further filings in this case except objections to this order, a notice of appeal and a motion for leave to proceed on appeal *in forma pauperis*; and the Clerk will be directed to return without filing any additional submissions by Robinson in this case other than objections to this order, a notice of appeal, or a motion for leave to proceed on appeal *in forma pauperis,* unless:

1. a licensed attorney who is admitted to practice before this Court and has appeared in this action signs the proposed filing; or

2. Robinson has obtained permission to proceed *pro se* in this action in accordance with the procedures for new pleadings set forth below.

Robinson also will be enjoined from initiating further litigation in this Court, and the Clerk will be directed to return without filing any initial pleading that he submits, unless either a licensed attorney who is admitted to practice before this Court signs the pleading or Robinson first obtains permission to proceed *pro se*. *See DePineda v. Hemphill*, 34 F.3d 946, 948-49 (10th Cir. 1994). To obtain permission to proceed *pro se* in this Court, Robinson must take the following steps:

1. File with the Clerk of Court a petition requesting leave to file a *pro se* initial pleading, a notarized affidavit, the proposed initial pleading, and a copy of these filing restrictions;

2. The affidavit must be notarized, be in proper legal form and recite the claims that Robinson seeks to present, including a short discussion of the legal bases for the claims, and the basis of the Court's jurisdiction of the subject matter and parties. The affidavit must certify that,

to the best of Robinson's knowledge, her claims are not frivolous or made in bad faith; that they are warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; that the new suit is not initiated for any improper purpose such as delay or needless increase in the cost of litigation; and that she will comply with all Federal Rules of Civil Procedure and the District of New Mexico's Local Rules of Civil Procedure. If Robinson's claims have previously been raised or the defendants have previously been sued, the affidavit must certify that the proposed new suit does not present the same claims that this or other court has decided and explain why the new suit would not be an abuse of the system;

3. The Clerk of the Court shall open a new civil case, file the petition, the affidavit, the proposed pleading and the copy of these restrictions in the new civil case, and randomly assign a Magistrate Judge to determine whether to grant Robinson's petition to proceed *pro se* in the new civil case. *See* Mem. Op. and Order, Doc. 5 in *In re Billy L. Edwards*, No. 15cv631 MCA/SMV (D.N.M. November 13, 2015) (adopting procedure, similar to that of the Tenth Circuit, of opening a new case and filing the restricted filer's petition to proceed *pro se*). If the Magistrate Judge approves Robinson's petition to proceed *pro se*, the Magistrate Judge shall enter an order indicating that the matter shall proceed in accordance with the Federal Rules of Civil Procedure and the District of New Mexico's Local Rules of Civil Procedure. If the Magistrate Judge does not approve Robinson's petition to proceed *pro se*, the Magistrate Judge shall instruct the Clerk to assign a District Judge to the new case.

**Opportunity to Be Heard**

Robinson is ordered to show cause within fourteen (14) days from the date of this order why this court should not enter the proposed filing restrictions. Robinson's written objections to the proposed filing restrictions shall be limited to 10 pages. Absent a timely response to this Order

to Show Cause, the proposed filing restrictions will enter fourteen (14) days from the date of this order and will apply to any matter filed after that time. If Robinson does file a timely response, the proposed filing restrictions will not enter unless the Court so orders, after it has considered the response and ruled on Robinson's objections.

**IT IS ORDERED** that:

(i) The state-court cases in the Notice of Removal are **REMANDED** to the First Judicial District, State of New Mexico.

(ii) Robinson's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 4, filed February 26, 2020, is **DENIED as moot.**

(iii) Within fourteen (14) days from entry of this Order, Robinson shall show cause why this Court should not enter the proposed filing restrictions described above. If Robinson does not timely file objections, the proposed filing restrictions shall take effect fourteen (14) days from the date of this order and will apply to any matter filed after that time. If Robinson timely files objections, restrictions will take effect only upon entry of a subsequent order.

______________________________
**SENIOR UNITED STATES DISTRICT JUDGE**