# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

DEBORAH SANT ROBINSON,

      Defendant,

v.                                                                                         No. 1:20-cv-00139-JCH-CG

STATE OF NEW MEXICO, et al.,

      Plaintiffs.

## ORDER IMPOSING FILING RESTRICTIONS

**THIS MATTER** comes before the Court on Defendant Robinson's failure to respond to the Court's Memorandum Opinion and Order of Remand and to Show Cause, Doc. 6, filed March 3, 2020 ("Order to Show Cause").

After describing the procedure for imposing filing restrictions and Robinson's abusive filing history, the Court set forth proposed filing restrictions and ordered Robinson to show cause why the Court should not impose those filing restrictions. The Court notified Robinson that if she does not file a timely response to the order to show cause, the proposed filing restrictions will take effect and will apply to any matter filed after that time. Robinson did not file a response by the March 17, 2020, deadline.

The Court imposes the following filing restrictions on Robinson.

Robinson will be enjoined from making further filings in this case except objections to this order, a notice of appeal and a motion for leave to proceed on appeal *in forma pauperis*; and the Clerk will be directed to return without filing any additional submissions by Robinson in this case other than objections to this order, a notice of appeal, or a motion for leave to proceed on appeal *in forma pauperis,* unless:

1. a licensed attorney who is admitted to practice before this Court and has appeared in this action signs the proposed filing; or

2. Robinson has obtained permission to proceed *pro se* in this action in accordance with the procedures for new pleadings set forth below.

Robinson also will be enjoined from initiating further litigation in this Court, and the Clerk will be directed to return without filing any initial pleading that he submits, unless either a licensed attorney who is admitted to practice before this Court signs the pleading or Robinson first obtains permission to proceed *pro se*. *See DePineda v. Hemphill*, 34 F.3d 946, 948-49 (10th Cir. 1994). To obtain permission to proceed *pro se* in this Court, Robinson must take the following steps:

1. File with the Clerk of Court a petition requesting leave to file a *pro se* initial pleading, a notarized affidavit, the proposed initial pleading, and a copy of these filing restrictions;

2. The affidavit must be notarized, be in proper legal form and recite the claims that Robinson seeks to present, including a short discussion of the legal bases for the claims, and the basis of the Court's jurisdiction of the subject matter and parties. The affidavit must certify that, to the best of Robinson's knowledge, her claims are not frivolous or made in bad faith; that they are warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; that the new suit is not initiated for any improper purpose such as delay or needless increase in the cost of litigation; and that she will comply with all Federal Rules of Civil Procedure and the District of New Mexico's Local Rules of Civil Procedure. If Robinson's claims have previously been raised or the defendants have previously been sued, the affidavit must certify that the proposed new suit does not present the same claims that this or other court has decided and explain why the new suit would not be an abuse of the system;

3. The Clerk of the Court shall open a new civil case, file the petition, the affidavit, the proposed pleading and the copy of these restrictions in the new civil case, and randomly assign a Magistrate Judge to determine whether to grant Robinson's petition to proceed *pro se* in the new civil case. *See* Mem. Op. and Order, Doc. 5 in *In re Billy L. Edwards*, No. 15cv631 MCA/SMV (D.N.M. November 13, 2015) (adopting procedure, similar to that of the Tenth Circuit, of opening a new case and filing the restricted filer's petition to proceed *pro se*). If the Magistrate Judge approves Robinson's petition to proceed *pro se*, the Magistrate Judge shall enter an order indicating that the matter shall proceed in accordance with the Federal Rules of Civil Procedure and the District of New Mexico's Local Rules of Civil Procedure. If the Magistrate Judge does not approve Robinson's petition to proceed *pro se*, the Magistrate Judge shall instruct the Clerk to assign a District Judge to the new case.

**Communications with the Court**

After Robinson left a voice-mail message and sent several emails to the chambers of the Magistrate Judge assigned to this case, the Court reminded Robinson of some of the provisions in the District of New Mexico's Guide for Pro Se Litigants, which the Court previously provided to Robinson:[1]

> Attorneys and *pro se* parties are prohibited from all *ex parte* communication with the judge or judge's staff. *Ex parte* communication occurs when one of the parties to a lawsuit exchanges information with the assigned judge (1) without the opposing party being present, or (2) without the knowledge and consent of the opposing party.
>
> Unless otherwise directed, all communication to the court should be addressed to the Clerk of Court, United States District Court, District of New Mexico, using the address for the division where the subject case has been assigned.

---

[1] Clerk's staff handed Robinson a copy of the Local Rules and the Pro Se Guide on July 11, 2018, when Robinson filed a notice of removal in *Robinson v. New Mexico*, No. 1:18-cv-00665-WJ-LF.

Guide for Pro Se Litigants at 5, 11 (D.N.M. November 2019) (giving addresses for the Clerk of Court in Albuquerque, Las Cruces and Santa Fe).  Despite being reminded of the provisions regarding filing and *ex parte* communications, and being notified that telephonic messages and documents mailed or emailed to chambers without direction by the Court may be discarded without being filed and without Court response to the sender, Robinson continued to send over 20 emails to the Magistrate Judge's chambers.  The Court again reminds Robinson that that telephonic messages and documents mailed or emailed to chambers without direction by the Court may be discarded without being filed and without Court response to the sender.

    **IT IS SO ORDERED.**

                                          _____
                                          **SENIOR UNITED STATES DISTRICT JUDGE**